Dear Mr. Aguillard:
This office is in receipt of your opinion request of recent date. Therein, you ask whether you as an assistant district attorney working less than thirty-five (35) hours per week can serve simultaneously as elected parish school board member.
LSA-R.S. 42:63(D) governs our response and provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
Membership held on the parish school board constitutes an elective office, under LSA-R.S. 42:62(1). An assistant district attorney holds "appointive office" as defined by R.S. 42:62(2); see also Article V, § 26(A) of the Louisiana Constitution (1974) stating that "a district attorney may select assistants as authorized by law." LSA-R.S. 16:51(A) states that "the district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary." Further, LSA R.S.16:51(B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney."
R.S. 42:63(D) does not prohibit a person from holding local elective office and part time appointive office. LSA-R.S.42:62(5) defines "part time" as "the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this section as full time". LSA-R.S. 42:62(4) defines "full time" as "the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work".
R.S. 42:63(D) prohibits one from holding elective office and full-time appointive office, but does not prohibit you from holding both positions where your position as assistant district attorney is held on a part-time basis.
We also address potential concerns raised by R.S. 42:261 and R.S. 42:64. First, R.S. 42:261 makes the district attorney the legal counsel for the parish and city school boards within his district. R.S. 42:261 provides in part:
 § 261. District attorneys; counsel for boards and commissions
 A. Except as provided by Subsection C of this Section or as otherwise provided by law, the district attorneys of the several judicial districts other than the parish of Orleans shall, ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions. (Emphasis added).
In Attorney General Opinion 81-1296A this office addressed the question of whether R.S. 42:261 quoted above made an assistant district attorney the legal representative of a state board. This office concluded:
 The legal duties of district attorneys as set forth in R.S. 16:2 and R.S. 42:261 do not include or define the duties of assistant district attorneys. The distinction between an assistant district attorney and a district attorney is made in Opinion Number 82-112 written to Mr. Alvin B. Singletary, Councilman-at-Large, Slidell (see copy attached hereto). In that opinion the district attorney's office is defined as a separate political subdivision as contrasted to the office of assistant district attorney as merely an appointed office. It is further provided in 82-112 that the district attorney is the officer who has the sole discretion as to whether there are actions instituted against any other office.
 In this regard, it is the opinion of this office that assistant district attorneys are not the legal representatives of the local and state boards and commissions specifically enumerated in R.S. 16:2 and R.S. 42:261 and that the sole legal representative of said public entities is the district attorney himself.
 This office concludes that assistant district attorneys in the District Attorney's office of the 29th Judicial District work solely pursuant to the direction of the District Attorney and should not be considered as the legal representative of the Commission. The assistant district attorney may provide legal services to the Commission but only upon and pursuant to the direction of the District Attorney. (Emphasis added).
We similarly conclude that R.S. 42:261 does not preclude you from serving as elected member of the school board. The sole representative of the school board under R.S. 42:261 is the district attorney himself; we assume you in your capacity as assistant district attorney would not be directed by the district attorney to provide legal services to the school board while you are an elected member.
A second concern was raised by the possible application of R.S.42:64(A)(3), providing:
 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 * * * * * * * * *
 (3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other office or employment. (Emphasis added).
In Attorney General Opinion 82-112, this office determined that a part-time assistant district attorney may serve as city councilman. Addressing the application of R.S. 42:64(A)(3) to that scenario, this office concluded:
 The prohibitory language of the dual office holding provisions must be strictly construed and, furthermore, where statutory language has a peculiar or technical meaning, the law must be construed accordingly. R.S. 1:3. The prohibitions of R.S. 42:64(A)(3) refer to an "incumbent", denoting the district attorney rather than an appointive officer or an employee of the district attorney. It should be noted that the district attorney is the officer who has the sole discretion as to whether there are actions instituted against any other office. Art. V § 26, Paragraph B — Louisiana Constitution of 1974. Therefore, it is our conclusion that the provisions of R.S. 42:64(A)(3) are inapplicable to an assistant district attorney.
We conclude you may hold the office of part-time assistant district attorney and elected school board member.
If we can be of further assistance, please contact our office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
OPINION NUMBER 81-1269A Mr. R. Gray Sexton Attorney General of Louisiana — Opinion. March 9, 1982
22 DISTRICT PROSECUTING ATTORNEYS
Assistant District Attorney is not legal representative of local and state commissions provided in R.S. 16:2. Dist. Attorney is sole legal representative.
R.S. 16:2 R.S. 42:261
Mr. R. Gray Sexton Executive Secretary Commission on Ethics for Public Employees 7434 Perkins Road Suite B Baton Rouge, Louisiana 70808
Dear Mr. Sexton:
On December 18, 1981, this office responded to your request for an advisory opinion of this office concerning whether an Assistant District Attorney for St. Charles Parish is by any authority legal counsel to the South Louisiana Port Commission (the `Commission'). This office was informed that the Commission was asking this question because of its concern whether an assistant district attorney could properly be appointed to the Commission.
In Opinion 81-1296 this office quoted the legal duties of district attorneys as set forth in Louisiana Revised Statutes16:2 and 42:261. It has been called to the attention of this office that the quotation of R.S. 16:2(A) contained in Opinion Number 81-1296 included the language `without extra compensation, general or special,' which language was deleted from said provision by Act No. 734 of the 1981 Regular Session of the Louisiana Legislature.
It should be noted, however, that La. R.S. 42:261 was not so modified and still provides as follows:
`Except as provided by Subsection C of this section or as otherwise provided by law, the attorney general for the parish of Orleans and the district attorneys of the several judicial districts other than the parish of Orleans, shall ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, as elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.
Notwithstanding the failure to conform R.S. 42:261 to the newly revised R.S. 16:2, it is the opinion of this office that the later action of the Legislature in deleting the phrase `without extra compensation, general or special' repealed by implication that same language in R.S. 42:261.
In Opinion Number 81-1296 this office concluded that the Commission is a state commission domiciled in the 29th Judicial District and that it is the responsibility of the District Attorney and Assistants in that District to provide legal services therefor.
The legal duties of district attorneys as set forth in R.S.16:2 and R.S. 42:261 do not include or define the duties of assistant district attorneys. The distinction between an assistant district attorney and a district attorney is made in Opinion Number 82-112 written to Mr. Alvin B. Singletary, Councilman-at-Large, Slidell (see copy attached hereto). In that opinion the district attorney's office is defined as a separate political subdivision as contrasted to the office of assistant district attorney as merely an appointed office. It is further provided in 82-112 that the district attorney is the officer who has the sole discretion as to whether there are actions instituted against any other office.
*2 In this regard, it is the opinion of this office that assistant district attorneys are not the legal representatives of the local and state boards and commissions specifically enumerated in R.S. 16:2 and R.S. 42:261 and that the sole legal representative of said public entities is the district attorney himself.
This office concludes that assistant district attorneys in the District Attorney's office of the 29th Judicial District work solely pursuant to the direction of the District Attorney and should not be considered as the legal representative of the Commission. The assistant district attorney may provide legal services to the Commission but only upon and pursuant to the direction of the District Attorney.
Neither Opinion Number 81-1296 nor this supplement thereto purports to make a determination whether a particular assistant district attorney can properly be appointed to the Commission. The advice of this office is offered merely with reference to whether an assistant district attorney for St. Charles Parish is by any authority the legal counsel for the Commission.
Sincerely, William J. Guste, Jr. Attorney General By: Kenneth Dejean Assistant Attorney General
La. Atty. Gen. Op. No. 81-1296A, 1982 WL 186183 (La.A.G.)
OPINION NUMBER 82-112 Mr. Alvin D. Singletary Attorney General of Louisiana — Opinion. March 3, 1982
22 DISTRICT PROSECUTING ATTORNEYS
78 OFFICERS — DUAL OFFICE HOLDING
Assistant District Attorney is appointive office for purposes of dual office holdin Full time assistant district attorney may not serve as city councilman. Part time assistant district attorney may so serve. Opinion 81-1357 is hereby recalled.
Art. V § 26 — 1974 La. Constitution
R.S. 16:483
R.S. 42:62(9)
R.S. 1:3
R.S. 42:63(D)
R.S. 42:64(A)(3)
Mr. Alvin D. Singletary Councilman-at-Large Post Office Box 1158 Slidell, Louisiana 70459
Dear Mr. Singletary:
In your letter of January 22, 1982, you requested that this office review Opinion Number 81-1357 regarding dual office holding. Specifically, the question in that opinion was whether an assistant district attorney may also serve as an elected city councilman without violating the dual office holding law.
The dual office holding provisions of R.S. 42:63 state, in part:
 "D. No person holding an elective office in a political subdivision of this state shall at the same time hold another. . . . full time appointive office in the government of. . . . a political subdivision. . . .".
An assistant district attorney holds a position within the judicial branch of government which is established by Article V, Section 26 of the Louisiana Constitution of 1974. More specifically, the office of assistant district attorney of the Twenty Second Judicial District is specifically established pursuant to R.S. 16:51 and R.S. 16:483. This position is appointive. Therefore, as pertaining to the language of R.S.42:63(D), the office of assistant district attorney would be an appointive office for purposes of dual office holding. (Opinion No. 80-1407, dated October 27, 1980)
Opinion Number 81-1357 was correct to the extent that the office of city councilman is a local elective office for purposes of dual office holding. Secondly, as stated in
R.S. 42:62(a), the district attorney's office is a separate political subdivision; however, contrary to the holding of Opinion Number 81-1357, the office of assistant district attorney is not a position of "employment in a political subdivision", but instead is an appointive office. Hence, a full time assistant district attorney cannot, under R.S. 42:63(D), hold the elective office of city councilman. However, there are no prohibitions against a part time assistant district attorney from simultaneously holding the position of city councilman. (See R.S.42:62(4) and (5))
In your letter, you outlined the legitimate argument that under the prohibitions of R.S. 42:64(A)(3), the full time or part time assistant district attorney would be prohibited from holding the office of city councilman. R.S. 42:64(A) (3) states:
 "A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers".
 * * * * *
 (3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other office or employment."
The prohibitory language of the dual office holding provisions must be strictly construed and, furthermore, where statutory language has a peculiar or technical meaning, the law must be construed accordingly. (R.S. 1:3) The prohibitions of R.S.42:64(A)(3) refer to an "incumbent", denoting the district attorney rather than an appointive officer or an employee of the district attorney. It should be noted that the district attorney is the officer who has the sole discretion as to whether there are actions instituted against any other office. (Art. V § 26, Paragraph B — Louisiana Constitution of 1974) Therefore, it is our conclusion that the provisions of R.S.42:64(A)(3) are inapplicable to an assistant district attorney.
In conclusion, this office hereby recalls Opinion Number 81-1357, in part, and holds that a full time assistant district attorney holds an appointive office for purposes of dual office holding and, as such, may not simultaneously hold the office of city councilman. However, the dual office holding provisions do not prohibit a part time assistant district attorney from serving as a city councilman.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General